UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GAIL WATERS,<br><br>         Plaintiff,<br><br>v.<br><br>USAA FEDERAL SAVINGS BANK,<br><br>         Defendant. | **Case No.** 19-225<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Gail Waters ("Plaintiff"), through her attorneys, alleges the following against USAA Federal Savings Bank, ("Defendant" or "USAA"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.

3. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

4. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy – Intrusion Upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts.

1

5. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to the reasonable person."

6. Count III OF Plaintiff's Complaint is based upon Punitive Damages, Ala. Code § 6-11-20, which allows a Plaintiff to recover punitive damages where it is proven "by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff."

## JURISDICTION AND VENUE

7. Jurisdiction of the court arises under 28 U.S.C. §§ 1331, 1367 and 47 U.S.C. § 227.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

9. Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

10. Plaintiff is a natural person and resides in Mobile, Mobile County, Alabama.

11. Defendant is a corporation with its principal place of business located in San Antonio, Texas. Defendant can be served with process at 10750 McDermott Freeway, San Antonio, Texas 78288.

12. At all times relevant hereto, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Defendant is attempting to collect an alleged debt from Plaintiff.

14. In or around April of 2018, Defendant began placing calls to Plaintiff's cellular phone number ending in 5029 and her phone number ending in 4648, in an attempt to collect an alleged debt.

15. The calls placed by Defendant mainly originated from (800) 531-0379, (800) 531-0378, (800) 531-7013, and (800) 531-8722.

16. Upon information and belief, the phone numbers above are owned, operated or controlled by Defendant or its agent(s).

17. On or about April 6, 2018, at 2:30 p.m., Plaintiff received a phone call from Defendant on her home phone number ending in 4648; Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

18. During this conversation, Plaintiff spoke to a representative, who indicated that Defendant was attempting to collect a debt.

19. Plaintiff stated that she did not want USAA to call her anymore, and to send her written communication only.

20. This request was ignored as Plaintiff continued to receive phone calls from the Defendant on her cell phone and home phone throughout the month of April 2018.

21. On or about May 9, 2018, at 8:20 a.m., Plaintiff received a phone call from Defendant on her cell phone number ending in 5029; Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

22. During this conversation, Plaintiff spoke to a representative, who indicated that Defendant was attempting to collect a debt.

23. Plaintiff stated that she did not want Defendant to call her anymore and to send any and all communication in writing. Defendant responded saying that Plaintiff could not stop them from calling.

24. Plaintiff's second request for the calls to cease was ignored as Plaintiff continued to receive phone calls from the Defendant throughout the month of May 2018.

25. Again, on or about May 16, 2018 at 6:57 p.m., Plaintiff received a phone call from Defendant on her cell phone; Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

26. During this conversation, Plaintiff spoke to a representative, who indicated that Defendant was attempting to collect a debt.

27. Plaintiff, for the third time, told the representative that she wanted the calls from USAA to stop.

28. Plaintiff's third request for the calls to cease was ignored as Plaintiff continued to receive phone calls from the Defendant throughout the month of May and June 2018.

29. Again, on or about July 3, 2018, at 8:21 a.m., Plaintiff received another call from Defendant on her cell phone; Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

30. During this conversation, Plaintiff spoke to a representative, who indicated that Defendant was attempting to collect a debt.

31. Plaintiff told the representative that she was retired with limited income, she could not make a payment right now, that she wanted the calls to stop, and that she would call Defendant when she could make a payment.

32. Plaintiff's fourth request for the calls to cease was ignored as Plaintiff continued to receive phone calls from Defendant throughout the months of July, August, and September 2018.

33. Frustrated about all the automated debt collection calls from USAA, Plaintiff called Defendant on or about September 26, 2018.

34. During this conversation, Plaintiff spoke to Defendant's representative and told Defendant that she was struggling financially, retired with limited income and wanted Defendant's calls to stop.

35. Plaintiff's fifth request for the calls to stop was ignored as Defendant called Plaintiff's cell phone on or about September 29, 2018.

36. Between April 6, 2018 and September 29, 2018, Defendant called Plaintiff's cellular phone approximately two-hundred and eighty (280) times.

37. Between April 6, 2018 and September 29, 2018, Defendant called Plaintiff's home phone approximately one-hundred and eighty (180) times.

38. Between April 6, 2018 and September 29, 2018, Defendant called Plaintiff approximately four-hundred and sixty times (460) on both her cell phone and home phone after requesting not to be called on five (5) different occasions.

39. There were several occasions where the Defendant called the Plaintiff multiple times in one day.

40. Plaintiff also received numerous pre-recorded voicemail messages on her cell phone and home phone from Defendant.

41. Defendant's calls invaded Plaintiff's privacy because the phone calls were excessive and persisted even after several requests for them to cease.

42. Defendant's calls were done with the purpose of attempting to harass Plaintiff into making a payment on the account.

43. The conduct was not only oppressive, wanton, malicious and willful, but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

44. Defendant would call Plaintiff multiple times in a single day, and many of the phone calls occurred within short periods of time.

45. Further, the conduct was done with such frequency so as to annoy, harass, oppress, and/or abuse Plaintiff.

46. Plaintiff is sixty-eight (68) years old and upon information and belief, Defendant is aware of Plaintiff's age.

47. Plaintiff has metastatic breast cancer.

48. To help fight against the cancer, Plaintiff is required to take several prescription medications.

49. The side effects from the prescription medication causes nausea, vomiting, fatigue and hair loss.

50. Plaintiff does not work and depends on Government assistance to help pay for her basic necessities.

51. Defendant's constant bombardment of calls to both Plaintiff's cell phone and home phone have caused her extreme stress, anxiety, nervousness, headaches, sleepless nights and constant worry.

52. Defendant's automated debt collection calls have made Plaintiff's days unbearable because of the constant ringing of both her cell phone and home phone.

53. Defendant's calls were done with a conscious disregard of Plaintiff's rights or safety.

54. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, stress, anxiety, frustration, worry, and emotional and mental pain and anguish.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowingly and/or willfully violated the TCPA.

57. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

58. If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### (Intrusion Upon Seclusion)

59. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein.

60. Restatement of the Law, Second, Torts § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

61. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b. The number and frequency of the telephone calls to Plaintiff by Defendant after several requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

    c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's sleep schedule and would not allow her to rest as required by her medical conditions.

    d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

  62. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## COUNT II

### (Ala. Code § 6-11-20 – Punitive Damages)

  63. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein.

  64. Ala. Code § 6-11-20 allows a Plaintiff to recover punitive damages "where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff."

  65. Ala. Code § 6-11-20(b)(2) defines "malice" as "the intentional doing of a wrongful act without just cause or excuse, either: (a) with intent to injure the person or property of another person or entity, or (b) under such circumstances that the law will imply evil intent."

  66. Ala. Code § 6-11-20(b)(3) defines "Wantonness" as "conduct which is carried on with a reckless or conscious disregard of the rights or safety of others."

  67. Ala. Code § 6-11-20(b)(4) defines "Clear and Convincing Evidence" as "evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a

preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt."

68. Ala. Code § 6-11-20(b)(5) defines "Oppression" as "subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights."

69. Plaintiff is informed and believes that the aforesaid conduct was malicious, wanton, and oppressive, as those terms are defined by Ala. Code § 6-11-20(b)(2)-(5), as Defendant's conduct was done in complete conscious disregard of Plaintiff's rights and safety.

70. Defendant was aware that Plaintiff, an elderly woman, had requested to not be called on her cell phone, was struggling financially, had limited income, and that she could not make a payment. Notwithstanding, Defendant continued its bombardment of harassing phone calls to Plaintiff in violation of the TCPA and Plaintiff's privacy rights.

71. As a result of Defendant's conduct and violations, Defendant is liable to Plaintiff for punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Gail Waters respectfully requests judgment be entered against Defendant, USAA Federal Savings Bank, for the following:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

B. Punitive damages to be determined at trial, for the sake of example of punishing Defendant for their malicious, wanton, and oppressive conduct, pursuant to Ala. Code § 6-11-21;

C. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

D.  Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted,

*/s/ Micah S. Adkins*
Micah S. Adkins
(S.D. Ala. Bar No. adkim8639)
**The Adkins Firm, P.C.**
1025 Westhaven Blvd., Suite 220
Franklin, Tennessee 37064
T:  (615) 370.9659
F:  (615) 370.4099
E:  MicahAdkins@ItsYourCreditReport.com
*Counsel for Plaintiff Gail Wright*